## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kelvin Lenar Lee, | |
| **Plaintiff,** | Court File No.: 15-cv-4272 (WMW/HB) |
| v. | |
| Bryan Castle in his individual capacity as an officer of the Minneapolis Police Department, | DEFENDANTS' MOTION *IN LIMINE* NO. 1,  AND MEMORANDUM IN SUPPORT |
| **Defendant.** | |

## MOTION

Defendant Bryan Castle moves *in limine* for an Order excluding testimony, examination, evidence, allegations, and argument regarding an alleged statement or statements of Josh Tetzloff, a civilian witness, who, to the best of the City's knowledge, is not available to testify.

## MEMORANDUM AND ARGUMENT

Defendant believes that Plaintiff may seek to argue about and introduce the statement of civilian witness Josh Tetzloff, who told investigators that, after Plaintiff fled from police and while Defendant Castle was chasing him on foot, Castle yelled "Once I catch you, I am gonna fuck you up."  See, MPLS00454. Neither Plaintiff nor Defendant recalls Defendant making the statement allegedly heard by Mr. Tetzloff. Pl.'s Dep. 46:18-20; Def.'s Dep. 46:1-3. To the best of the Defendant's knowledge, Mr. Tetzloff now resides in Panama City, Panama, and

1

will not be available to testify in this matter.   Evidence of Tetzloff's allegation is hearsay within hearsay, both layers of which are inadmissible pursuant to Fed. R. Evid. 802. Therefore, the evidence should be excluded, and all argument that Castle threatened Plaintiff while chasing him should be prohibited.

Hearsay is a "statement that (1) the declarant does not make while testifying at the current trial; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Unless it falls within a defined exception or exclusion, hearsay is not admissible evidence.   Fed. R. Evid. 802.   A document or other evidence that includes statements allegedly made by a third person is hearsay within hearsay (also called "hearsay upon hearsay" or "double hearsay"). *See United States v. Sparkman*, 500 F.3d 678, 683 (8th Cir. 2007). Hearsay within hearsay is admissible only if "each part of the combined statements conforms with an exception to the rule [against hearsay]." Fed. R. Evid. 805; *see also Sparkman*, 500 F.2d at 683. Testimony from Mr. Tetzloff about what he allegedly heard Defendant say would be hearsay. In Mr. Tetzloff's absence, any references to his statement would be an additional layer of hearsay.

In *United States v. Ortiz*, 125 F.3d 630, 632 (8th Cir. 1997), the court deemed inadmissible a DEA report containing informant's statements.   The report itself was only a transcript of the informant's statements, and did not itself meet any exception, so the court did not have to consider the informant's statement.   *Id.*

Likewise, in *Dull v. St. Luke's Hosp. of Duluth*, 21 F. Supp. 2d 1022, 1028 (D. Minn. 1998), the plaintiff alleged that person A told her about a statement person B had made to person C. This was properly excluded even though the statement from person B to person C might have met a hearsay exception, because person A's statement was offered for the truth of the matter asserted and did not conform with an exception under Fed. R. Evid. 803. *Id.* at n.6.

Similarly here, the statement at issue was allegedly made by Defendant while pursuing Plaintiff. If Plaintiff offers the statement, he would be attempting to admit a hearsay statement by Defendant which neither he nor Defendant heard or recall. This statement would not be offered in conformity with any of the exceptions to the rule against hearsay under Fed. R. Evid. 803 or 804. Instead, this statement would only be offered to prove the truth of the matter asserted in the Mr. Tetzloff's allegation – that Castle yelled "Once I catch you, I am gonna fuck you up" and that Castle then acted in conformity with the statement. Introduction of the statement implicates *multiple* layers of hearsay – Defendant's underlying statement, Mr. Tetzloff's hearsay allegation about what Defendant said, and the investigator's recollection of what Mr. Tetzloff told him. None of these layers of hearsay permit admission under the standard set out in Fed. R. Evid. 805. The statement must be excluded as inadmissible hearsay within hearsay.

3

Plaintiff might argue that the alleged utterance constitutes statement of a party opponent, admissible under Fed. R. Evid. 801(d)(2).  Defendant contests that, but the Court need not decided whether or not the utterance is an admissible statement as, evidence of the statement itself is hearsay.  Mr. Tetzloff is not available to testify that he heard it, and any recording of what Mr. Tetzloff said is also hearsay.

## CONCLUSION

For the reason stated above, Defendant moves the Court for an order excluding any testimony, examination, allegations, or argument regarding statements made by the unavailable witness as to statements he allegedly heard Castle make.

Dated:  September 1, 2017               SUSAN L. SEGAL
                                        City Attorney
                                        by

                                        *s/GregoryPSautter*
                                        GREGORY P. SAUTTER
                                        Attorney Reg. No. 0326446
                                        (612) 673-2683
                                        IVAN LUDMER
                                        Attorney Reg. No. 0389498
                                        (612) 673-2478
                                        Assistant City Attorneys
                                        350 South Fifth Street
                                        Room 210, City Hall
                                        Minneapolis, MN 55415

                                        *Attorneys for Defendant Bryan Castle*

4