UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kelvin Lenar Lee,                                    Case No. 15-cv-4272 (WMW/HB)

                    Plaintiff,

                                                     **ORDER ON MOTIONS IN LIMINE**

          v.

Bryan Castle, in his individual
capacity as an officer of the
Minneapolis Police Department,

                    Defendant.

---

Before the Court are six motions in limine, four by Plaintiff Kelvin Lenar Lee,

(Dkts. 44, 45, 46, 47), and two by Defendant Bryan Castle, (Dkts. 32, 33).  Each motion

addresses evidence that may be proffered at trial.[1]  Lee also seeks leave to conduct

attorney voir dire.  (Dkt. 50.)  The Court addresses each motion in turn.

## I.      Plaintiff's First Motion in Limine to Exclude the Testimony of Sergeant Jindra and Officer Werner

Lee moves to exclude the testimony of Sergeant Jeffrey Jindra and Officer Jeffrey

Werner of the Minneapolis Police Department.  Lee asserts that this testimony is

irrelevant because the officers did not observe Officer Castle's use of force on Lee.  Lee

also argues that the testimony is unfairly prejudicial and cumulative of the testimony of

---

[1]      Officer Castle filed two additional motions in limine, (Dkts. 34, 35), seeking to exclude the testimony of Lee's treating physician regarding Lee's medical condition and to exclude any evidence as to mental condition beyond "garden variety" mental suffering. Lee did not oppose the motions, and the parties' representations at the pretrial hearing establish that evidence on these matters will not be presented at trial.  Accordingly, these two motions in limine are granted.

other witnesses.  Officer Castle counters that this testimony is relevant and its probative value outweighs the danger of unfair prejudice.

Evidence that has any tendency to make a consequential fact more or less probable is relevant.  Fed. R. Evid. 401.  In a civil lawsuit alleging excessive force, the factfinder evaluates the amount of force used "from the perspective of a reasonable officer on the scene."  *Hosea v. City of St. Paul*, 867 F.3d 949, 957 (8th Cir. 2017) (internal quotation marks omitted).  This inquiry goes beyond the perspective of the individual officer; instead, "the question is whether the officer['s] actions are objectively reasonable in light of the facts and circumstances."  *Graham v. Connor*, 490 U.S. 386, 397 (1989).  To determine reasonableness, a district court considers "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting or attempting to evade arrest by flight."  *Id*. at 396.

Relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "Evidence that is cumulative or remote and speculative may be excluded under Fed. R. Evid. 403 to avoid confusing or misleading the jury."  *United States v. Lucas*, 499 F.3d 769, 782 (8th Cir. 2007).  But "[t]he fact that another piece of evidence speaking to an element . . . has already been introduced does not render a later piece of evidence needlessly cumulative."  *United States v. Love*, 254 F. App'x 511, 518-19 (6th Cir. 2007).

An evaluation of use of force includes the facts and circumstances giving rise to its use.  Here, Sergeant Jindra and Officer Werner were present for Lee's flight and Officer Castle's ensuing pursuit.  In addition to their testimony about their observations of the interaction between Lee and Officer Castle, these officers can address other factors relevant to a determination of whether the use of force was objectively reasonable.  These factors include the severity of the alleged crime and the officers' assessment of the risk to public safety.  Because the testimony of Sergeant Jindra and Officer Werner can address circumstances giving rise to the altercation, the severity of the alleged crime, the threat posed by Lee, and the pursuit, this testimony is relevant.  This testimony is not excessively cumulative, nor is it unfairly prejudicial.  Accordingly, the Court denies Lee's first motion in limine.

**II.    Plaintiff's Second Motion in Limine to Exclude Prior-Bad-Act Evidence**

Lee moves to exclude prior-bad-act evidence, including his prior convictions. Officer Castle's written response along with the parties' representations at the pretrial hearing establish that the parties agree that no reference should be made at trial to Lee's convictions except for the conviction arising from Lee's conduct on May 30, 2014.  As neither Lee nor Officer Castle identifies any other prior-bad-act evidence, no other evidence of this kind is considered at this time.

Accordingly, the Court grants Lee's second motion in limine as to his prior convictions with the exception of the conviction arising from Lee's conduct on May 30,

2014, and the Court denies without prejudice Lee's second motion in limine addressing other prior bad acts.

**III.    Plaintiff's Third and Fourth Motions in Limine to Exclude the Testimony of Ralph Yehle and Katherine Wood and to Exclude Wood's 911 Call**

In his third motion in limine, Lee seeks to exclude the testimony of Ralph Yehle, a witness to the altercation, arguing that it is irrelevant and unfairly prejudicial.  In his fourth motion in limine, Lee moves to exclude the testimony of Katherine Wood, as well as a recording of Wood's 911 call that she placed while observing the altercation between Lee and Officer Castle on the same basis.  Officer Castle counters that the evidence is relevant and not unfairly prejudicial.

Evidence that has any tendency to make a consequential fact more or less probable is relevant.  Fed. R. Evid. 401.  The use of force by a law enforcement officer is evaluated "from the perspective of a reasonable officer on the scene."  *Hosea*, 867 F.3d at 957.

Here, Yehle and Wood witnessed Officer Castle as he pursued and tackled Lee. Even if Yehle and Wood did not observe Officer Castle's exercise of force, their testimony as onlookers could both assist the jury's understanding of the events preceding the use of force and aid the jury's credibility evaluation of other testimony.  The testimony of Yehle and Wood is not only relevant, but also probative of the contested events.  Wood's 911 call was ostensibly a contemporaneous narration of the altercation between Lee and Officer Castle; for that reason, the recorded 911 call is neither irrelevant

nor unfairly prejudicial.  Accordingly, the Court denies Lee's third and fourth motions in limine.

### IV.   Defendant's First Motion in Limine to Exclude the Out-of-Court Statement of Josh Tetzloff

Officer Castle moves to exclude the out-of-court statement of Josh Tetzloff, a witness to the altercation.  When Tetzloff was interviewed by an investigator, he recounted a statement that Officer Castle allegedly shouted while pursuing Lee.  Because Tetzloff is unavailable to testify at trial, Officer Castle argues that Tetzloff's statement is inadmissible hearsay.

Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c).  A police or investigative report reciting witness statements "contain[s] double hearsay, the report itself, and what the citizen told the police." *United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006) (internal quotation marks omitted). To be admissible, each layer of hearsay contained in the report must be admissible under the rules of evidence. *United States v. Sparkman*, 500 F.3d 678, 683 (8th Cir. 2007).

Here, there are three possible layers of hearsay: Officer Castle's statement, Tetzloff's statement to an investigator, and the investigator's report.  Officer Castle's statement is admissible as the non-hearsay statement of a party opponent. Fed. R. Evid. 801(d)(2)(A).  Tetzloff's statement to the investigator, however, falls under no obvious exception, nor does the investigator's report.  Although Officer Castle admitted during his deposition that he "very probably" made the statement attributed to him, that

concession does not provide the guarantee of trustworthiness necessary to admit Tetzloff's statement to the investigator.

Accordingly, the Court grants Officer Castle's first motion in limine.

**V.      Defendant's Second Motion in Limine to Exclude the Testimony of Monica Delaurentis**

In his second motion in limine, Officer Castle moves to exclude the testimony of Pastor Monica Delaurentis, who Lee did not timely disclose as a trial witness. Lee argues that Pastor Delaurentis should be permitted to testify because the delay in disclosure was not the product of bad faith, Pastor Delaurentis's testimony is substantially harmless, and Officer Castle received ample pretrial notice.

Parties must disclose information on witnesses during the discovery process. Fed. R. Civ. P. 26(a)(1)(A), (C). Failure to make such timely disclosures may result in sanctions, including exclusion of the evidence, unless the failure is either justified or substantially harmless. Fed. R. Civ. P. 37(c)(1). A district court has wide discretion to determine the appropriate remedy. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

The failure to timely disclose Pastor Delaurentis' testimony is substantially harmless. Because Officer Castle received notice of this witness well in advance of trial, has had the opportunity to prepare for Pastor Delaurentis' testimony, and will be able to cross-examine her at trial, any prejudice resulting from the late disclosure is de minimis. Accordingly, the Court denies Officer Castle's second motion in limine.

### VI.    Plaintiff's Motion for Attorney Voir Dire

Lee also moves for 30 minutes of attorney-conducted voir dire, in addition to voir dire by the Court.  An attorney for each party may conduct up to 15 minutes of voir dire consistent with the Court's Practice Pointers and Preferences.  Accordingly, the Court grants in part Lee's motion.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.    Plaintiff's first motion in limine, (Dkt. 44), is **DENIED**.

2.    Plaintiff's second motion in limine, (Dkt. 45), is **GRANTED IN PART** and **DENIED IN PART** as outlined herein.

3.    Plaintiff's third motion in limine, (Dkt. 46), is **DENIED**.

4.    Plaintiff's fourth motion in limine, (Dkt. 47), is **DENIED**.

5.    Defendant's first motion in limine, (Dkt. 32), is **GRANTED**.

6.    Defendant's second motion in limine, (Dkt. 33), is **DENIED**.

7.    Defendant's third motion in limine, (Dkt. 34), is **GRANTED**.

8.    Defendant's fourth motion in limine, (Dkt. 35), is **GRANTED**.

9.    Plaintiff's motion, (Dkt. 50), is **GRANTED IN PART** as outlined herein.


Dated:  September 22, 2017                                    s/Wilhelmina M. Wright
                                                             Wilhelmina M. Wright
                                                             United States District Judge